FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 0 5 2014

JAMES W. McCORMACK, CLERK
By:_____
                              DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

TERESA EASTER,

    Plaintiff,

vs.

SOUTHLAND GREYHOUND PARK
FOUNDATION, INC.,

    Defendant.

CASE NO.: 3:14-cv-00262 JLH/JTK

This case assigned to District Judge _Holmes_
and to Magistrate Judge _Kearney_

## COMPLAINT FOR DAMAGES

**COMES NOW** the Plaintiff, Teresa Easter, by and through her attorney, David A. McLaughlin, Morgan and Morgan - Memphis, and for her cause of action against Defendant, Southland Greyhound Park Foundation, Inc., would show and state unto the Court as follows:

### PARTIES

1. The Plaintiff, Teresa Easter, is, and at all relevant times was, an adult resident and citizen of Nesbit, Desoto County, Mississippi.

2. The Defendant, Southland Greyhound Park Foundation, Inc. (hereinafter "SGPF"), is nonprofit corporation formed in Arkansas, with a principal business location of 1550 North Ingram Boulevard, West Memphis, Crittenden County, Arkansas.

3. The Defendant, SGPF, may be served with process via its Registered Agent, The Corporation Company, at 124 West Capitol Avenue, Suite 1400, Little Rock, Arkansas 72201.

## JURISDICTION AND VENUE

4. Jurisdiction of this matter is based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1) and (c).

5. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs and is between citizens of different states.

6. Venue of this matter is controlled by 28 U.S.C. § 1391(a) & (c).

7. All events complained of occurred in West Memphis, Crittenden County, Arkansas.

## FACTS

8. At all times pertinent hereto, Defendant, SGPF, owned and/or operated the greyhound racing park and casino located at 1550 North Ingram Boulevard, West Memphis, Crittenden County, Arkansas 72301.

9. On or about the evening of March 17, 2012, Plaintiff, Teresa Easter, was on Defendant's premises as an invitee to dine in the restaurant of SGPF's establishment.

10. At approximately 7:00 p.m., a hostess of the restaurant of SGPF began to lead Plaintiff to a dining table to be seated.

11. Suddenly, Plaintiff slipped on a slick floor surface and fell, seriously injuring her left knee and hip.

12. Upon information and belief, no warning signs indicating a wet or slick floor surface were present in the area of Plaintiff's fall.

## NEGLIGENCE

13. Plaintiff repeats the foregoing allegations as though set forth verbatim.

14. SGPF, through the actions of its employees and/or agents, was negligent in not placing appropriate warning signs in the area and allowing liquid to accumulate on the floor in the dining area of the restaurant in which customers like Teresa Easter were expected to walk.

15. SGPF, through the actions of its employees and/or agents, was negligent in failing to warn Teresa Easter of the dangerous condition of the area in the dining area of the restaurant in which there was liquid on the floor.

16. SGPF, through the actions of its employees and/or agents, was negligent in its failure to train its employees to monitor the floor surfaces to ensure the safety of its customers properly.

17. SGPF, through the actions of its employees and/or agents, was negligent in failing to inspect the area where Teresa Easter was injured to ensure it was free from foreign substances that would pose a threat or harm to others.

18. SGPF, through the actions of its employees and/or agents, was negligent in failing to eliminate and/or clean up the foreign substance left on Defendant's floor for such a length of time that Defendant knew or reasonably should have known their presence.

19. SGPF, through the actions of its employees and/or agents, was negligent in failing to use ordinary case to maintain its premises in a reasonably safe condition.

20. As a proximate result of the negligence of SGPF, Teresa Easter suffered severe injuries which required medical attention.

21. As a proximate result of the negligence of SGPF, Teresa Easter endured pain and suffering, suffered emotional distress, trauma, sustained physical injuries, and loss of wages.

## DAMAGES

22. Plaintiff, Teresa Easter, as a direct and proximate result of one or more of the above acts of negligence, suffered the following injuries and damages:

a. Severe and permanent injury, caused, precipitated and/or aggravated by the wrongs complained of, including but not limited to injury to her left knee (left medial meniscus tear) and left hip;

b. Great fright and shock;

c. Great physical pain, both past and future;

d. Great mental and emotional anguish, both past and future;

e. Medical expenses, both past and future; and

f. Inability to enjoy the normal pleasures of life, both past and future.

23. Plaintiff respectfully requests the right to have a trial by jury.

24. Plaintiff requests the right to amend her pleadings at a later date to specifically set forth additional facts and damages as discovered.

## RELIEF SOUGHT

WHEREFORE PREMISES CONSIDERED, Plaintiff, respectfully prays:

1. That Plaintiff Teresa Easter be awarded the present cash value of any medical care and treatment that she may have to incur in the future;

2. That Plaintiff Teresa Easter be awarded special damages for lost wages, medical, hospital and doctors expenses incurred, according to proof;

3. That Plaintiff Teresa Easter be awarded compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00) for the pain and suffering she endured;

4. That a jury be empanelled to try the issues which joined; and

5. Such further relief as the Court may deem just and equitable.

Respectfully submitted,

_____
David A. McLaughlin (AR B.P.R. 2007309)
Attorney for Plaintiff
Morgan & Morgan Memphis, LLC
40 S. Main Street Suite 2600
One Commerce Square
Memphis, Tennessee 38103
(901) 217-7000 phone
(901) 333-1897 fax
dmclaughlin@forthepeople.com